IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD M. STUFFLEBEAM                                   PLAINTIFF

      v.        Civil No. 06-5094

JEFF W. HARRIS, in his
individual capacity                                      DEFENDANT

### O R D E R

Now on this 7th day of November, 2006, comes on to be considered defendant's **Motion to Dismiss (Doc. 3)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that on or about May 25, 2003, defendant arrested him for obstructing governmental operations. Plaintiff asserts that the arrest was without probable cause because he merely refused to identify himself after a vehicle in which he was a passenger was stopped for a traffic violation.

2. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's allegations fail to state a claim. Defendant alternatively argues that he is entitled to qualified immunity.

3. In ruling on defendant's motion to dismiss, the Court must accept all factual allegations in the complaint as true and grant every reasonable inference in plaintiff's favor. *See Knieriem v. Group Health Plan, Inc.* 434 F.3d 1058, 1060 (8th Cir.

2006). "A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts to warrant a grant of relief." *Gilmore v. County of Douglas,* 406 F.3d 935, 937 (8th Cir. 2005).

4. Defendant's version of the events leading up to plaintiff's arrest – which plaintiff does not dispute in his response to defendant's motion to dismiss – is as follows:

* On May 25, 2003, plaintiff was riding in a vehicle driven by his grandson ("the driver") when the vehicle was stopped by defendant, an Arkansas State Trooper, because it did not have a license plate.

* Defendant made contact with the driver of the vehicle and the driver provided defendant with his driver's license and the vehicle's bill of sale, title, and proof of insurance.

* Defendant then requested identification from plaintiff, the only other occupant of the vehicle. Plaintiff reacted in an angry and hostile manner, informing defendant that he "preferred to be arrested and taken to jail." (Doc. 4 at pg. 1.) Defendant attempted to calm the situation by talking to plaintiff, but plaintiff angrily responded, "I told you, we are only going to do this the way I said!" (*Id.*)

* Defendant then arrested plaintiff and charged him with obstructing governmental operations, in violation of Ark. Code

Ann. § 5-54-102. The charge was nolle prossed on November 3, 2003.

5. The Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 105 (8th Cir. 2004). An officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing that the suspect has committed a crime. *See Garionis v. Newton*, 827 F.2d 306, 309 (8th Cir. 1987).

6. Under Arkansas law, a person commits the offense of obstructing governmental operations if the person "[k]nowingly obstructs, impairs, or hinders the performance of any governmental function." Ark. Code Ann. § 5-54-102(a)(1). "Governmental function" is defined as "any activity that a public servant is legally authorized to undertake on behalf of any governmental unit he or she serves." Ark. Code Ann. § 5-54-101(6).

In conducting the traffic stop at issue, defendant was authorized to request plaintiff's identification. *See* Ark. R. Crim. P. 2.2(a) (a law enforcement officer may request any person to furnish information or otherwise cooperate in the investigation of a crime; the officer may request the person to respond to questions or to comply with any other reasonable request); *Wright*

*v. State*, 940 S.W.2d 432, 434 (Ark. 1997) (finding no Fourth Amendment violation where officer, during traffic stop investigation, asked passenger of vehicle to step out and provide identification; under Rule 2.2(a), the officer was permitted to request passenger's cooperation in the investigation or prevention of crime); *United States v. Slater*, 411 F.3d 1003, 1005 (8th Cir. 2005) (officer is permitted to request a passenger's identification following stop of vehicle).

7. Based on the above authorities, defendant had probable cause to arrest plaintiff for obstructing governmental operations when plaintiff refused to comply with defendant's request for identification. Accordingly, plaintiff has failed to state an unlawful arrest claim. In light of the Court's conclusion in this regard, it is unnecessary for the Court to address defendant's alternative argument that he is entitled to qualified immunity.

8. Based on the foregoing, defendant's **Motion to Dismiss (Doc. 3)** is **GRANTED** and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE